UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSEPH KLINGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21 CV 708 |
| | ) |
| LINCOLN FINANCIAL GROUP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for the cause of action, states to the Court as follows:

1. Plaintiff, Joseph Klingler, brings this action against Defendant, Lincoln Financial Group, pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, for appropriate relief under ERISA Sections 409 and 502(a)(5), to recover benefits due under the plan; and to obtain other appropriate relief as the court may deem just.

2. Plaintiff alleges that he was eligible for long term disability benefits under the plan, that he exhausted all administrative remedies available to him and was thereafter wrongfully denied long term disability benefits by the Defendant, and in doing so, Defendant violated Section 502(a)(1)(B) of ERISA.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon this Court by ERISA 502(e)(1), 29 U.S.C. 1132(e)(1), which generally vests the United States district courts with exclusive jurisdiction over all actions brought under ERISA Title I. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 52 (1987)

4. Venue of this action lies in the United States District Court for the Eastern District of

Missouri, pursuant to ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2), where the breach occurred.

## THE PARTIES

5. At all times material herein, Plaintiff was a resident of the state of Missouri and worked in the state of Missouri.

6. At all times material herein, Plaintiff was a participant under the plan through his employment by D&D Distributors, LLP.

7. The plan is an employee welfare benefits plan specifically covered under ERISA, 29 U.S.C. 1002(2)(A), and an employee benefit plan as defined by 29 U.S.C. 1002(3), under which plaintiff is a participant, as defined by 29 U.S.C. 1002(7)

8. At all times material herein, Lincoln Financial Group is and has been the plan sponsor of the plan, within the meaning of ERISA, 29 U.S.C. 1002(16)(B)

9. At all times material herein, Lincoln Financial Group was the claims administrator of the plan, making and/or participating in making all benefit decisions under the Plan.

## STATEMENT OF FACTS

10. June 26, 2013 through June 29, 2018, Plaintiff received benefits through Defendant. Plaintiff's policy with Defendant defines disability as an inability to perform Plaintiff's "own occupation" for 24 months, then changed to whether or not he could perform "any work." Plaintiff was paid past the "own occupation" period, and therefore, found to be unable to perform "any occupation" from June of 2015 through June of 2018.

11. June 28, 2018, Defendant issued a decision concluding that Plaintiff no longer satisfied the definition of "total disability" due to a failure to show any updated, significant, objective findings to explain his subjective complaints of pain, based upon a June 21, 2018 review by their

provider, Germaine N. Rowe.

12. December 25, 2018, Plaintiff, through counsel, filed an appeal of the June 28, 2018 Denial, with updated medical evidence as well as an argument for why plaintiff satisfied the definition of "totally disabled" as defined in the policy.

13. February 5, 2019, Defendant issued a correspondence indicating that they had obtained additional, new evidence by way of a report and opinion from Dr. Rowe. However, upon return of his review, Defendant determined that he was not eligible to complete the appeal review at the claim level review and obtained another opinion from Dr. Howard Grattan.

14. March 30, 2019, Plaintiff's counsel responded to the newly created evidence, arguing that the Grattan report was inconsistent with all other opinions in the file, including the report of Dr. Rowe performed days prior, and not supported by the evidence as all doctors suggested greater limitations than Dr. Grattan concluded. Plaintiff also argued that the policy did not limit reviewing doctors and that Dr. Rowe's opinion should have been used in determining Plaintiff's functional limitations.

15. May 13, 2019, Plaintiff's counsel provided updated medical records from Plaintiff's treating pain management doctor in further support of Plaintiff's ongoing pain and limitation.

16. June 4, 2019, Defendant contacted Plaintiff indicating that because the opinions of Dr. Rowe and Dr. Gratton conflicted (not because Dr. Rowe had previously reviewed the file), Defendant wanted to send plaintiff's file to a third reviewer, Dr. Ephraim Brenman, who provided yet another, different opinion of plaintiff's limitations. Due to the short response time allowed, plaintiff was not able to obtain a response from the treating provider prior to issuance of the next decision

17. June 28, 2019, Defendant issued a final decision concluding that Plaintiff was not able to

provide information that proved he was disabled beyond June 29, 2018.

18. June 30, 2019, Plaintiff's treating pain management doctor, Roberto Ycaza, M.D., provided his opinion regarding the plaintiff's limitations as a result of pain, based upon his treatment of the plaintiff.

19. December 25, 2018, Plaintiff, through counsel, filed a second administrative appeal of the denial dated June 28, 2019.

20. January 16, 2020, Defendant forwarded correspondence to Plaintiff's counsel with additional, new, medical information created since the appeal was filed for review and comment.

21. February 6, 2020, Plaintiff's counsel responded to Defendant's January 16, 2020 letter and additional information from Lynn S., R.N. with a response as well as updated, significant objective findings of a cervical MRI documenting multilevel neural foraminal narrowing that was most severe at C4-C5 on the left with possible impingement on the left C5 nerve.

22. February 14, 2020, Defendant issued its final decision concluding that they were unable to approve benefits beyond June 29, 2018, and effectively "rubber stamped" Dr. Brennan's opinion without mention of Dr. Rowe's January 14, 2019 opinion or any specifics about Dr. Ycaza's June 30, 2019 opinion.

23. Plaintiff has exhausted all administrative remedies required prior to the filing of this complaint under ERISA.

24. 29 U.S.C. 1132(a)(1)(B) authorizes plaintiff to recover benefits due under the terms of the Plan, to enforce plaintiff's rights under the terms of the Plan, and/or to clarify plaintiff's right to future benefits under the terms of the Plan.

25. By denying plaintiff payment of disability benefits, the Defendant has violated and continues to violate ERISA, 29 U.S.C. 1132(a)(1)(B).

**WHEREFORE**, Plaintiff prays that he have and recover judgment in his favor and against Defendant as follows:

1. For monthly disability benefits from June 29, 2018 through the resolution of this claim;

2. For benefit reinstatement;

3. For prejudgment and post judgement interest;

4. For an award of attorney fees and costs under 29 U.S.C. 1132(g)(1) and the facts and circumstances of this case; and

5. For such other relief as the court deems just and proper.

Respectfully submitted,

*Kristen N. Van Fossan*
/s/ KRISTEN N. VAN FOSSAN, 63608 MO
Attorney for Plaintiff
211 N. Broadway, Ste. 2400
St. Louis, MO  63102
(314) 241-9666 telephone/(314) 241-1125 facsimile
Email:  kristenv@dwfox.com

CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on the US Attorney.

/s/ *Kristen N. Van Fossan*
KRISTEN N. VAN FOSSAN, 63608 MO