**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **JOSEPH KLINGLER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-000708 |
| | ) | |
| **LINCOLN FINANCIAL GROUP,** | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Joseph Klingler ("Plaintiff"), and states as follows:

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff was, at certain times, employed by D&D Distributors, LLLP dba Gey Eagle Distributors ("D&D"). Lincoln admits that Plaintiff was, at certain times, a participant in the long term disability benefit plan (the "LTD Plan") sponsored by D&D and that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln admits that Plaintiff

---

[1] Incorrectly named in the complaint as Lincoln Financial Group. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. The relevant Policy in this action was issued by The Lincoln National Life Insurance Company, which is the correct name of the Defendant in this action.

exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Lincoln admits the Court has jurisdiction over this action under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5. Lincoln admits that Plaintiff was, at certain times, employed by D&D, at its Missouri location. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff was, at certain times, employed by D&D, and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, which is an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it issued a Group Long-Term Disability Insurance Policy (the "Policy") to D&D, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln specifically denies that it was the Plan sponsor of the LTD Plan and denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that it was the claims administrator of claims for the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

## STATEMENT OF FACTS

10. Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits it sent letters to Plaintiff dated January 9, 2015, and June 28, 2018, which are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it sent a letter to Plaintiff dated June 28, 2018, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it received a first level appeal of the termination of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it sent a letter to Plaintiff's counsel dated February 5, 2019, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits it received a letter dated March 30, 2019, from Plaintiff's counsel, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it received a letter from Plaintiff's counsel dated May 13, 2019, along with additional documentation, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it sent a letter to Plaintiff's counsel dated June 4, 2019, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it sent a letter to Plaintiff dated June 28, 2019, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph 17 of the Complaint.

18. Lincoln admits that documents concerning Plaintiff's medical complaints, injuries, and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents

themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it received a second level appeal of the termination of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter to Plaintiff's counsel dated January 16, 2020, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews and nurse reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph 20 of the Complaint.

21. Lincoln admits it received a letter from Plaintiff's counsel dated February 6, 2020, along with additional documentation, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it sent a letter to Plaintiff's counsel dated February 14, 2020, which is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph 22 of the Complaint.

23. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

27. Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

5. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein, and grant Lincoln such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Iwana Rademaekers*
Iwana Rademaekers (Texas Bar No. 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 12th day of July 2021 to be served by operation of the Court's electronic filing system upon the following:

Kristen N. Van Fossan, #63608
Email: kristenv@dwfox.com

*Attorneys for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers